# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

ROD MARQUARDT,

               Plaintiff,

     v.

STEPHEN KING and
SIMON & SCHUSTER, INC.,

               Defendants.

Civil Action No.
1:10-CV-03946-JEC

## DEFENDANTS STEPHEN KING AND SIMON & SCHUSTER, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

DAVIS WRIGHT TREMAINE LLP
Elizabeth McNamara (admitted *pro hac vice*)
1633 Broadway 27th floor
New York, New York 10019
Phone (212) 489-8230
Fax (212) 489-8340

CARLTON FIELDS, P.A.
Walter H. Bush (Bar No. 098825)
Christopher B. Freeman (Bar No. 140867)
1201 West Peachtree Street, Suite 3000
Atlanta, Georgia  30309
(404) 815-3400

*Attorneys for Defendants*

Peter A. Herbert (admitted *pro hac vice*)

*Co-Counsel for Defendant Stephen King*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ..........................................................................................................2

    I.    THE COURT CAN AND SHOULD  CONSIDER THE TWO
          BOOKS AT ISSUE ON A MOTION TO DISMISS FOR LACK
          OF SUBSTANTIAL SIMILARITY ....................................................2

    II.    DISCOVERY WOULD NOT INFORM THE SUBSTANTIAL
          SIMILARITY ANALYSIS .................................................................4

    III.    PLAINTIFF CANNOT ESCAPE THE FACT THAT *DUMA KEY*
          AND *KELLER'S DEN* ARE COMPLETELY DISSIMILAR BY
          MANUFACTURING MISLEADING SIMILARITIES ...................11

CONCLUSION .....................................................................................................15

DWT 17005276v2 3901014-000644

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allen v. Scholastic, Inc.*,
    739 F. Supp. 2d 642 (S.D.N.Y. 2011) ............................................................3, 7

*Beal v. Paramount Pictures Corp.*,
    806 F. Supp. 963 (N.D. Ga 1992), *aff'd,* 20 F.3d 454 (11th Cir. 1994)...........5, 9

*Brennan v. Nat'l Telephone Directory Corp.*,
    850 F. Supp. 331 (E.D. Pa. 1994)....................................................................4

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
    116 F.3d 1364 (11th Cir. 1997) ......................................................................2

*Brown v. Perdue*,
    No. 04 Civ. 7417 (GBD), 2005 WL 1863673 (S.D.N.Y. Aug. 4, 2005),
    *aff'd*, 177 Fed. Appx. 121 (2d Cir. 2006)....................................................8, 11

*Calhoun v. Lillenas Publishing*,
    298 F.3d 1228 (11th Cir. 2002) ......................................................................4

*Castorina v. Spike*,
    No. 10-cv-2954, 2011 WL 1118429 (E.D.N.Y. March 24, 2011) ......................8

*Christianson v. West Pub. Co.*,
    149 F.2d 202 (9th Cir. 1945) ..........................................................................5

*Computer Assocs., Inc. v. Altai*,
    982 F.2d 693 (2d Cir. 1992) ..........................................................................10

*Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*,
    697 F. Supp. 1136 (E.D. Cal. 1987) ................................................................8

*Davis v. United Artists*,
    547 F. Supp. 722 (S.D.N.Y. 1982) ................................................................11

*Denker v. Uhry*,
    820 F. Supp. 722 (S.D.N.Y. 1992), *aff'd,* 996 F.2d 301 (2d Cir. 1993) ...........10

ii

*Dodd v. Woods*,
   No. 8:09-CV-1872, 2010 WL 3745802 (M.D. Fla. Sept. 21, 2010) ...................8

*Dunn v. Brown et al.*,
   517 F. Supp. 2d 541 (D. Mass. 2007).................................................................8

*Harper v. Lawrence Co, Ala.*,
   584 F.3d 1030 (11th Cir. 2009) ........................................................................4

*Jacobsen v. Deseret Book Co.*,
   287 F.3d 936 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002) .......................3, 6

*Johnson v. Mobile County Sheriff Dep't*,
   No. Civ. A.06 0821, 2007 WL 2023488 (S.D. Ala. Jul 9, 2007)......................4

*Leigh v. Warner Bros., Inc.*,
   212 F.3d 1210 (11th Cir. 2000) ......................................................................4, 9

*Nelson v. Grisham*,
   942 F. Supp. 649 (D.D.C. 1996), *aff'd*, 132 F.3d 1481 (D.C. Cir. 1997) .........10

*Nelson v. PRN Prods., Inc.*,
   873 F.2d 1141 (8th Cir. 1989) ..........................................................................6

*Nichols v. Universal*,
   45 F.2d 119 (2d Cir. 1930) ..............................................................................10

*O'Neill v. Dell Publ'g Co.*,
   630 F.2d 685 (1st Cir.1980) ...........................................................................2, 9

*Oravec v. Sunny Isles Luxury Ventures, L.C.*,
   527 F.3d 1218 (11th Cir. 2008) ........................................................................5

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,
   602 F.3d 57 (2d Cir. 2010) ...............................................................................5

*Pino v. Viacom, Inc.*,
   No. 07-3313, 2008 WL 704386 (D.N.J. March 4, 2008) ...................................8

*Polsby M.D. v. St. Martin's Press, Inc.*,
   8 Fed. Appx. 90 (2d Cir. 2001).......................................................................7, 8

iii

*Randolph v. Dimension Films*,
    634 F. Supp. 2d 779 (S.D. Tex. 2009), *aff'd,* 381 Fed. Appx. 449 (S.D.
    Tex. 2009)................................................................................................6

*Rudd v. Suburban Lodges of Am., Inc.*,
    67 F. Supp. 2d 1366 at n.3 (N.D. Ga. 1999).........................................2

*Scott v. Meyer*,
    No. 09 Civ. 06076 (ODW), 2010 WL 2569286 (C.D. Cal. June 21, 2010)........8

*Starobin v. King*,
    137 F. Supp. 2d 93 (N.D.N.Y. 2001)....................................................8

*Taylor v. IBM*,
    54 Fed. Appx. 794 (5th Cir. 2002) ......................................................6

## STATUTES

Federal Rule of Civil Procedure 12(b)(6)..................................................1, 2, 6, 14

DWT 17005276v2 3901014-000644

Defendants Stephen King ("King") and Simon & Schuster, Inc. ("Simon & Schuster") (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint filed by Rod Marquardt a/k/a Rod Morgan ("Marquardt" or "Plaintiff") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## PRELIMINARY STATEMENT

Defendants' motion to dismiss established that Plaintiff's claim of copyright infringement against author Stephen King and his publisher fails as a matter of law because by simply reading the two books at issue it is readily apparent that the novels are vastly dissimilar and share no copyrightable expression.  In opposition, Marquardt concedes that the appropriate inquiry is whether a lay observer would consider the works to be substantially similar in terms of plot, characters, setting and the like.  Yet, he fails to even attempt a summary or description of the respective works that could support a finding of substantial similarity.  Instead, Plaintiff seeks to forestall the inevitable dismissal by arguing, first, that considering the two books that are integral to the Plaintiff's Complaint on a motion to dismiss is improper and, next, even if considered, dismissal is premature

---

[1]  While Plaintiff now appears in this action *pro se*, Plaintiff was represented by counsel when the pleadings and Plaintiff's opposition brief were drafted.  Defendants respectfully submit that the liberal construction afforded to documents filed *pro se* is inapplicable here.

DWT 17005276v2 3901014-000644

because discovery is necessary to resolve the issues presented by this motion. But as Defendants demonstrate below and in their opening memorandum, this simply is not the law. Courts have repeatedly granted upfront motions dismissing meritless copyright actions such as this one after simply comparing the works, because "[i]t is difficult to understand how additional evidence, whatever it might be, could change the written words of the two novels." *O'Neill v. Dell Publ'g Co.*, 630 F.2d 685, 690 (1st Cir. 1980).

There is no avoiding the conclusion that Plaintiff's book is not substantially similar to Defendants' book. The motion to dismiss should be granted.

## ARGUMENT

### I.
### THE COURT CAN AND SHOULD CONSIDER THE TWO BOOKS AT ISSUE ON A MOTION TO DISMISS FOR LACK OF SUBSTANTIAL SIMILARITY

It is settled law in this Circuit that "where the plaintiff refers to certain documents in the Complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Rudd v. Suburban Lodges of Am., Inc.*, 67 F. Supp. 2d 1366, 1369 at n.3 (N.D. Ga. 1999) (same). Plaintiff's argument to the contrary confuses the issue of introducing evidence "beyond the pleadings,"

2

with referencing or attaching evidence specifically relied on in the Complaint.  In

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir.), *cert. denied*, 537 U.S.

1066 (2002), a copyright case cited by Plaintiff, the Court clarified this basic

distinction:

> In addition to the complaint, the district court may
> consider documents referred to in the complaint if the
> documents are central to the plaintiff's claim and the
> parties do not dispute the documents' authenticity.
> Because Dr. Jacobsen's complaint referred to *Who
> Refused to Die* and the *Children of the Promise* series,
> and all the parties invited the district court to consider
> these works, the district court properly considered the
> work in ruling on the 12(b)(6) motion.

*Id.* at 941; *see also Allen v. Scholastic, Inc.*, 739 F. Supp. 2d 642, 655 (S.D.N.Y.

2011) ("The Second Circuit has recently underscored that where the works in

question are attached to [or referenced in] a plaintiff's complaint, it is entirely

appropriate for the district court to consider the similarity between those works in

connection with a motion to dismiss, because the court has before it all that is

necessary in order to make such an evaluation.").

As in *Deseret Book Co.*, the two works at issue here – Marquardt's *Keller's

Den* and King's *Duma Key* – are indisputably (and in great detail) made part of the

3

Complaint and are undeniably central to Plaintiff's copyright infringement claim.[2]

Plaintiff does not, nor could he, dispute the authenticity of the works.[3]  Therefore,

it is entirely proper for the Court to consider the two books on a 12(b)(6) motion.

## II.
## DISCOVERY WOULD NOT INFORM
## THE SUBSTANTIAL SIMILARITY ANALYSIS

"To establish copying, [Marquardt] must show that [King] had access to

[*Keller's Den*] and that [*Duma Key*] is so substantially similar to [*Keller's Den*]

that an average lay observer would recognize the alleged copy as having been

appropriated from the original work."  *Calhoun v. Lillenas Publishing*, 298 F.3d

1228, 1232 (11th Cir. 2002) (citation omitted).  In particular, Marquardt "must

establish specifically that the allegedly infringing work is substantially similar to

the plaintiff's work with regard to its protected elements."  *Leigh v. Warner Bros.,*

*Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000).  While the Eleventh Circuit applies the

---

[2] The Complaint contains no fewer than 300 references to specific pages or chapters in *Duma Key* and more than 180 such references to *Keller's Den*.

[3] The other cases cited by Plaintiff are readily distinguishable.  In each case, the defendant submitted materials that were clearly outside of the pleadings and were not remotely analogous to the artistic works that are at the heart of a copyright infringement claim.  In *Harper v. Lawrence Co, Ala.*, 584 F.3d 1030, 1034 (11th Cir. 2009), for example, the court declined to consider on a motion to dismiss documents and affidavits submitted by both parties related to the defense of qualified immunity under Section 1983.  Likewise, in *Johnson v. Mobile County Sheriff Dep't*, No. Civ. A.06 0821, 2007 WL 2023488, at *2 (S.D. Ala. Jul 9, 2007), the materials the court declined to consider were "affidavits and other evidentiary materials outside the scope of the Complaint."  And in *Brennan v. Nat'l Telephone Directory Corp.*, 850 F. Supp. 331, 335 (E.D. Pa. 1994), the court declined to convert the motion to dismiss to a motion for summary judgment in a sex discrimination case where defendants' motion raised factual issues that could not be resolved on an upfront motion.

4

extrinsic/intrinsic test, the court recognizes that "the two tests ultimately merge into a single inquiry: whether a reasonable jury could find the [two works] substantially similar at the level of protected expression." *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1224 (11th Cir. 2008); s*ee also Beal v. Paramount Pictures Corp*., 806 F. Supp. 963 (N.D. Ga 1992), *aff'd,* 20 F.3d 454 (11th Cir. 1994).

Despite Plaintiff's contention that it is somehow "draconian" to dispose of meritless copyright claims on upfront, pre-discovery motions (Dkt. 20 at 10) – whether labeled as a motion to dismiss or for summary judgment – courts have not hesitated to dismiss such claims based solely on a comparison of the works at issue.

> [W]here, as here, the works in question are attached to a plaintiff's complaint, it is entirely appropriate for the district court to consider the similarity between those works in connection with a motion to dismiss, because the court has before it all that is necessary in order to make such an evaluation.  If, in making that evaluation, the district court determines that the two works are not substantially similar as a matter of law, the district court can properly conclude that the plaintiff's complaint, together with the works incorporated therein, do not plausibly give rise to an entitlement to relief.

*Peter F. Gaito Architecture, LLC v. Simone Development Corp*., 602 F.3d 57, 64 (2d Cir. 2010); *see Christianson v. West Pub. Co.*, 149 F.2d 202, 203 (9th Cir.

1945) ("There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Jacobsen*, 287 F.3d at 941-42 ("When a district court considers the original work and the allegedly copyrighted work in deciding a 12(b)(6) motion, the legal effect of the works are determined by the works themselves rather than by allegations in the complaint.") (citation omitted); *Taylor v. IBM*, 54 Fed. Appx. 794, at *1 (5th Cir. 2002) (upholding dismissal with prejudice of a copyright infringement claim under Rule 12(b)(6)); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1143 (8th Cir. 1989) (upholding dismissal with prejudice of copyright infringement claim alleging actionable copying of plaintiff's song lyrics by the artist Prince; noting that "[t]he District Court had before it. . . complete copies of both [plaintiff's] song and Prince's and was therefore in proper position to apply the substantial similarity test"); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 786-87 (S.D. Tex. 2009) ("Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted. . . . Complaints alleging copyright infringement are no exception to this rule and can be decided as a matter of law.  To determine whether an instance of copying is legally actionable, a side by side comparison must be made between the original and the copy to determine whether a layman

6

would view the two works as 'substantially similar.'"), *aff'd,* 381 Fed. Appx. 449

(S.D. Tex. 2009) (citations omitted).   Thus, in *Allen v. Scholastic, Inc.*, 739 F.

Supp. 2d 642 (S.D.N.Y. 2011), for example, the Court addressed whether a *Harry*

*Potter* book was infringing and on a pre-discovery motion observed:

> When a court is called upon to consider whether the
> works are substantially similar, no discovery or fact-
> finding is typically necessary, because what is required is
> only a visual comparison of the works.  Thus, while the
> question of substantial similarity often presents a close
> issue of fact that must be resolved by a jury, district
> courts may determine non-infringement as a matter of
> law either because the similarity between the two works
> concerns only non-copyrightable elements of the
> plaintiff's work, or because no reasonable jury, properly
> instructed, could find that the two works are substantially
> similar.

*Id.* at 655 (internal citations and quotations admitted).  Likewise, in *Polsby M.D. v.*

*St. Martin's Press, Inc.,* 8 Fed. Appx. 90 (2d Cir. 2001), which also involved a

comparison of two literary works on a pre-discovery motion, the Court stated:

> [A] court may determine non-infringement as a matter of
> law on a motion for summary judgment ….  The fact that
> plaintiff was not afforded discovery provides no basis for
> reversal here.  Although some limited discovery would
> have been appropriate had the sole ground for dismissal
> been defendants' asserted lack of access to plaintiff's
> work, discovery was not necessary for a comparison of
> the works in order to assess whether, as to protectable
> elements, they were substantially similar.

*Id.* at 92;[4] *see also Castorina v. Spike*, No. 10-cv-2954, 2011 WL 1118429

(E.D.N.Y. March 24, 2011) (upfront dismissal of copyright claims arising out of

reality television program based on court's review of the two works); *Dodd v.*

*Woods*, No. 8:09-CV-1872, 2010 WL 3745802, at *1 (M.D. Fla. Sept. 21, 2010)

(granting motion to dismiss copyright claim under Eleventh Circuit law); *Scott v.*

*Meyer*, No. 09 Civ. 06076 (ODW), 2010 WL 2569286 (C.D. Cal. June 21, 2010)

(upfront dismissal of copyright claims arising out of two vampire novels based on

court's review of the two works); *Pino v. Viacom, Inc.*, No. 07-3313, 2008 WL

704386 (D.N.J. March 4, 2008) (upfront dismissal of copyright claims arising out

of reality television program based on court's review of the two works); *Dunn v.*

*Brown et al.*, 517 F. Supp. 2d 541, 543 (D. Mass. 2007) (upfront dismissal of

copyright claims arising out of two religious thrillers based on court's review of

the two works); *Brown v. Perdue*, No. 04 Civ. 7417 (GBD), 2005 WL 1863673

(S.D.N.Y. Aug. 4, 2005), *aff'd*, 177 Fed. Appx. 121 (2d Cir. 2006) (same);

*Starobin v. King*, 137 F. Supp. 2d 93 (N.D.N.Y. 2001) (upfront dismissal of

copyright claims arising out of two horror novels based on court's review of the

two works); *Cory Van Rijn, Inc. v. California Raisin Advisory Bd.*, 697 F. Supp.

---

[4] Solely for purposes of this motion, Defendants have elected not to contest the issue of access. As noted in Defendants' opening brief, should this action proceed, Defendants will vigorously contest this issue as Defendants had no knowledge of Plaintiff or *Keller's Den* before this action was initiated and, to this day, Mr. King has never read Plaintiff's book. (Dkt. 11 at 13 n.4.)

DWT 17005276v2 3901014-000644

1136, 1145 (E.D. Cal. 1987) (granting motion to dismiss based on comparison of two works).[5]

A simple reading and comparison of *Keller's Den* and *Duma Key* exposes the utter lack of similarity between the works. Discovery would not inform this analysis. Indeed, while Plaintiff claims this motion is premature because he has had no opportunity to conduct discovery, he fails to identify *any* evidence, beyond a review of the works, which could possibly be necessary or relevant. *See O'Neill*, 630 F.2d at 690 ("It is difficult to understand how additional evidence, whatever it might be, could change the written words of the two novels."); *Leigh*, 212 F.3d at 1213 ("[A]dditional discovery … could not overcome the substantial dissimilarity between Leigh's photograph and the film sequences.").[6] Instead, Plaintiff suggests that "expert testimony and analytic dissection of the two works" could be developed through discovery. (Dkt. 20 at 9.) However, expert reports would add nothing to an analysis that this Court is well-equipped to employ. The Court is

---

[5] Although certain of these motions were nominally motions for summary judgment, in each case the Court did not consider any documents beyond the works themselves in disposing of the action. *See also Beal v. Paramount Pictures*, 20 F.3d 454, 456 (11th Cir. 1994) (after observing that in a copyright dispute "a court must compare the works in question," summary judgment affirmed with no consideration of evidence beyond the book and movie at issue).

[6] Plaintiff's arguments to the contrary notwithstanding (Dkt. 20 at 9-10), Defendants' position is completely consistent with the Eleventh Circuit's opinion in *Leigh v. Warner Bros., Inc*. While nominally a motion for summary judgment, "[t]he court granted a protective order staying all discovery early in the litigation, and did not lift the stay before ruling on Warner Brothers' summary judgment motions" and then decided the motions based solely on a comparison of the works at issue. *Id.* at 1219.

called on to do no more than compare works of popular fiction – not complicated

computer codes or technical engineers' reports.  In infringement cases like this

one, which necessarily focuses on the average reader, courts routinely reject or

give short shrift to expert testimony.   The substantial similarity analysis is

typically reserved for "lay observers … in copyright cases that involve the

aesthetic arts, such as music, visual works or literature."  *Computer Assocs., Inc. v.*

*Altai*, 982 F.2d 693, 713-14 (2d Cir. 1992); *see also Nichols v. Universal*, 45 F.2d

119, 123 (2d Cir. 1930) ("We hope that in this class of cases [expert] evidence may

in the future be entirely excluded, and the case confined to the actual issues; that is,

whether the copyrighted work was original, and whether the defendant copied it.");

*Nelson v. Grisham*, 942 F. Supp. 649, 652-53 (D.D.C. 1996) ("[I]n any case

involving substantial similarity, the actual texts are the relevant evidence.  …

[E]xpert testimony is not relevant in a case such as this when the question of

substantial similarity depends on the observations of the ordinary reasonable

person.") , *aff'd,* 132 F.3d 1481 (D.C. Cir. 1997); *Denker v. Uhry*, 820 F. Supp.

722, 729 (S.D.N.Y. 1992) ("[B]ecause substantial similarity is judged by the

spontaneous response of the ordinary lay observer, expert analysis and 'dissection,'

although perhaps admissible when useful, is irrelevant here."), *aff'd,* 996 F.2d 301

(2d Cir. 1993).[7]

When, as here, the lack of substantial similarity is so readily discernable

after simply reading the two books, there is no basis to prolong a meritless action.

Expert testimony cannot possibly change what is evident to any reader.  The

Complaint should be dismissed at the outset.

### III.
### PLAINTIFF CANNOT ESCAPE THE FACT THAT
### *DUMA KEY* AND *KELLER'S DEN* ARE COMPLETELY DISSIMILAR
### BY MANUFACTURING MISLEADING SIMILARITIES

It is not surprising that Plaintiff's opposition is short on any attempt to

demonstrate the two novels are substantially similar in terms of actual plot,

characters or other relevant elements.  Unable to point to any relevant similarities

of protectable expression, Plaintiff resorts to several randomly-selected examples

of non-protectable matter that are irrelevant and legally insufficient to support a

---

[7] *See also Davis v. United Artists*, 547 F. Supp. 722, 724-25 (S.D.N.Y. 1982) ("Plaintiff, in seeking to ward off summary judgment, has submitted the affidavit of a literary expert who opines that the two works share substantial similarities; that in the specific areas of plot, theme, mood, time, character development, setting and pace there are striking parallels between the two works.  The Court on this application for summary judgment has not considered the expert's opinion. . . . These matters are all irrelevant to the issues presented by this motion. . . .  In the determination of this motion the Court has confined itself to a word-by-word reading of plaintiff's novel and a critical view of defendant's motion picture."); *Brown v. Perdue*, No. 04 Civ. 7417 (GBD), 2005 WL 1863673, at *5 n.6 ("[B]ecause substantial similarity is judged by the spontaneous response of the ordinary lay observer, expert analysis of the similarities between the two works is not determinative.").

claim.[8]  Worse, however, as the Court will discover upon reading the books, is

Plaintiff's fabrication of similarities that simply do not exist between the two

protagonists in the works at issue.[9]  Thus, Plaintiff alleges that "In *Keller's Den*,

Janet cheats on Martin with the attorney (page 54).  In *Duma Key*, Pam cheats on

Edgar with the accountant."  (Dkt. 20 at 3, 14.)  But, this is patently false.  Martin's

fiancée Janet does *not* cheat on Martin, with an attorney or anyone else.  And while

Edgar's ex-wife Pam has a relationship with Edgar's former accountant, this

occurs after Edgar and Pam are divorced and therefore cannot be termed

"cheating."  Plaintiff similarly alleges that Martin and Edgar both go into a

hypnotic state while painting under the influence of the supernatural force, citing in

support that "In *Keller's Den*, the hypnotic state 'controlled him like the talons of

an eagle wrapped around a harmless garter snake' (page 21) while in *Duma Key*,

Edgar was 'like a bird hypnotized by a snake (page 447).'"  (Dkt. 20 at 2, 13.)

---

[8] Plaintiff's lists of alleged similarities are more fully discussed in Point II B of Defendants'
Memorandum in Support of their Motion to Dismiss.  As Defendants have demonstrated, the
laundry list of alleged similarities identified in Plaintiff's Complaint are nothing more than
randomly-selected incidental snippets of ideas and stock elements that have been removed and
isolated from the work's protectable expression and, as such, do not themselves constitute
copyrightable subject matter.

[9] Defendants' opening memorandum demonstrated that there is no substantial similarity between
*Duma Key* and *Keller's Den*.  Defendants do not seek to escape liability merely by pointing to
the dissimilarities between the two works, as Plaintiff suggests.  (Dkt. 20 at 16-17.)  Rather,
Plaintiff's claim fails because the two books share no protectable expression.  The laundry list of
alleged similarities identified in Plaintiff's Complaint – which even he concedes includes
unprotectable elements – are nothing more than random similarities, abstract ideas, and stock
horror elements – none of which are copyrightable.  (*See* Dkt. 11 at 22-35.)

DWT 17005276v2 3901014-000644

Beyond the overlap of a snake, the images are readily distinct and the contexts in which they appear are completely different. Unlike the passage in *Keller's Den*, which describes a hypnotic state induced by demonic possession, the relevant passage in *Duma Key* has nothing to do with possession or painting; instead, Edgar is immobilized by fear when he discovers a zombie in his kitchen. And while both books featured ships (Dkt. 20 at 4-5, 15), the ship in *Keller's Den* is a shipwreck at the bottom of the ocean containing the skeletal remains of the sailors (a minor plot element described over 6 pages), while the ship in *Duma* Key is a floating, supernatural "ship of the dead" where those Perse has killed reside in a zombie-like state (an element that is repeated throughout the book, *see, e.g.,* chs. 10-16, 18-20). Plaintiff also falsely states that two of the secondary characters in *Duma Key*, Miss Eastlake and Wireman, use their psychic abilities to see what Edgar has painted, as Joe did in *Keller's Den*. However, upon actually reading *Duma Key*, it becomes apparent that this did not happen.[10] Lastly, Plaintiff claims that Edgar, like Martin, was driven to rape and kill under the influence of an evil, supernatural force. Again, this is flatly contradicted by the text of the book itself: Edgar did not rape or murder anyone. At most, Edgar lashed out at his wife while he was hospitalized in

---

[10] While Elizabeth asks Edgar if he has started painting Perse's ship yet, it is evident from *Duma Key* that Elizabeth's question is based on her own experience as an artist and the past target of Perse's malevolence. (*Duma Key* at 361, 430; Cplt ¶ 12 (tt).)

Minnesota, in constant pain and unable to speak, in the immediate aftermath of his near-fatal accident; however, Edgar's actions bear no resemblance to the fact Martin murdered a colleague and raped his secretary while possessed and, most importantly, they had no connection to any supernatural element. (*See Duma Key* ch. 1; *Keller's Den*, chs. 26, 28, 32.)

In sum, every supposed similarity dissolves when the books are actually compared. The Court should simply read the two works and compare them. After stripping the books of their abstract ideas, and stock horror elements, only one conclusion can reasonably be reached: there is no similarity of protectable expression found in the works and Marquardt's claim of copyright infringement must be dismissed.

14

## CONCLUSION

For the reasons stated herein and in Defendants' initial memorandum,

Defendants respectfully submit that the Court should grant Defendants' motion to

dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and award

Defendants their costs, attorneys' fees and such other and further relief as this

Court deems just and proper.

Dated:        May 12, 2011                    **DAVIS WRIGHT TREMAINE LLP**

1633 Broadway, 27th Floor              */s/ Elizabeth A. McNamara*
New York, New York 10019               Elizabeth A. McNamara, *pro hac vice*
(212) 489-8230
(212) 489-8340 (fax)

                                                      **CARLTON FIELDS, P.A.**

1201 West Peachtree Street             */s/ Christopher B. Freeman*
Suite 3000                             Walter H. Bush
Atlanta, Georgia  30309                Georgia Bar No. 098825
(404) 815-3400                         Christopher B. Freeman
(404) 815-3415 (fax)                   Georgia Bar No. 140867

                                                      *Attorneys for Defendants Stephen King*
                                                      *and Simon & Schuster, Inc.*

                                                      **PETER HERBERT, ESQ**

5 Union Court                          */s/ Peter A. Herbert*
Gloucester, Massachusetts  01930       Peter A. Herbert, *pro hac vice*
(978) 283-2263

                                                      *Co-Counsel for Stephen King*

DWT 17005276v2 3901014-000644

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES</u>

Pursuant to Local Rule 7.1(D), I hereby certify that this brief has been

prepared in Times New Roman font, size 14, in accordance with Local Rule 5.1.


*/s/ Christopher B. Freeman*
Christopher B. Freeman

16

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served the within and foregoing

**DEFENDANTS STEPHEN KING AND SIMON & SCHUSTER, INC.'S**

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR**

**MOTION TO DISMISS THE COMPLAINT** by electronic notification through

the Court's CM/ECF system and by mail to the address set forth below:

> Rod Marquardt, *pro se*
> 64 Sycamore Ridge Drive
> Simpsonville, SC 29681-4065

This 12th day of May, 2011.


*/s/ Christopher B. Freeman*
Christopher B. Freeman