IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 19 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ROD MARQUARDT, :
:
Plaintiff, :
:
v. :CASE NO. 1:10-CV-03946-JEC
:
STEPHEN KING and :
SIMON & SCHUSTER, INC., :
:
Defendants :

COMES NOW, Plaintiff appearing *pro se* and hereby respectfully requests the Court to consider the following brief supplemental response hereto in its consideration of defendant's last pending "Motion to Dismiss" in order to dispel more inaccuracies brought forth by the defense.

This 5th day of July, 2011

Respectfully submitted,

_____
Rod Marquardt,
*Pro Se* Plaintiff

64 Sycamore Ridge Drive

Simpsonville SC 29681

Roderick40@aol.com

(864) 228-1166

I understand the defense's need to downplay the similarities by referring to them as a "laundry list," but the fact remains this is a serious matter and all of these similarities, ideas, expression of ideas and thoughts created in "Keller's Den" were used to create "Duma Key". Also, shouldn't each case that comes before the court be tried on its own merit and not compared to a long list of past cases; especially considering that there may be no other case that has been presented to the court in these pleadings that contains such a substantial amount of similarities that this case possesses? The truth is that many key elements, including the plot and many subplots of the story were lifted.

Two main characters in two different books that are controlled by an ancient curse in of itself is not a protectable idea. But the expression of that idea; the ancient curse emanating from an island and has the capability to control thoughts and actions, provide the main character with a sudden and rapid ability to paint well, determine what will be painted and ultimately be defeated by the main character and secondary characters is in fact a protected element. Factor this in with all of the similar subplots, etc., that have been stolen, and you have grounds for Copyright Infringement. Of course the defense will downplay and mislead the courts into thinking that this is not an expression. I am, however, in agreement with the defense in that a case for Copyright Infringement should consider the works as a whole; and in this case there are a whole lot of Substantial Similarities between the two works including the plot as well as subplots. Taking this into account, it becomes blatantly obvious that not only was "Keller's Den" used to create "Duma Key," but the rules for Substantial Similarity fall into place as well.

## MORE CORRECTIONS

As I did in the previous pleading from the defense, I am asking the court to allow me to correct some of the defense's mistakes from the most recent motion to dismiss. Distortion appears to be a continuous effort made by the defense each time a motion is filed and their assertions are obviously more deliberate attempts to mislead the court by stating that the similarities "are not similarities at all."

The defense states that in the first paintings, there is only one similarity (a nude woman), but as I have previously stated, there is more than one similarity in this painting. In both paintings, the main character's wife or fiancée is in the nude; in each painting a nude man or men appear; in each painting there are sexual implications amongst the subjects; in each painting the wife or fiancée's head was cocked or bent; and in each painting a man was smiling or grinning.

The defense states that the bracelet in "Duma Key" has no holy implications but the excerpt in "Duma Key" regarding the bracelet reads "she just wanted the association of something holy."

The defense states that "power does not go out in "Duma Key" in one similarity even though the excerpt in "Duma Key" regarding the light switch reads "Won't work, the storm will have knocked out the power."

The defense now continues to rely on the fact that I have included a significant amount of "generic" similarities and that the case should be dismissed based on this fact alone. A <u>significant</u> amount of "generic" similarities are protected under http://www.scribd.com/doc/4686189/Metcalf-v-Bochco-copyright **(page 4) whereas "a particular sequence in which an author strings together a substantial amount of unprotected elements can itself be a protectable element."** Due to the fact that there are over 250 similar elements that associate "Keller's Den" with "Duma Key," any substantial amount of similarities that do not fall under "expression of idea" would certainly fall under this "extrinsic test."

Even if the previous mentioned case had no authenticity or authority, there are numerous similarities between "Keller's Den" and "Duma Key" that has significant meaning to both stories that are protected **key elements** to the story line.

The defense also continues to rely on the fact that certain elements should not be protected due to the fact that both novels are horror in nature. In fact, these similarities can only be dismissed by "scenes a faire" only if they are necessary to move the story along. **Downplaying similarities is a tactic that is expected but should not be construed as accurate.** For example, while one female wears a black sari, appears on occasion, and reminds the reader of evil implications, the other female wears a red cloak, appears on occasion and reminds the reader of evil implications. These are not unprotected similarities simply because both novels are horror in nature as the defense would point out.

Finally, for Mr. King to deny that he has ever seen "Keller's Den," especially with the significant amount of similarities between the two novels (over 250) both substantial and generic simply defies common sense. The amount of "coincidences," that appear in both novels simply is not possible. The only way for this to have occurred is if Mr. King allowed staff members or ghost writers who were familiar with "Keller's Den" to comprise these similarities without Mr. King's knowledge.

This is a time to draw the line. This is a time to allow for individual creativity to occur without the worries of Plagiarism. Without the scales of justice, who will be the next victim of an author who feels a sense of entitlement?

At this time, due to the obvious and overwhelming evidence in this case, I am asking that the court render a guilty verdict, or at the least, allow this case to proceed to trial.

Rod Marquardt

64 Sycamore Ridge Drive

Simpsonville SC 29681

(864) 228-1166

Roderick40@aol.com